UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELE DEVRIES,

    Plaintiff,

v.                            Case No. 8:14-cv-1365-T-33TGW

FLORIDA CANCER SPECIALISTS, P.L.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Florida Cancer Specialists, P.L.'s Partial Motion to Dismiss (Doc. # 14), filed on July 15, 2014. Plaintiff Michele Devries filed a response in opposition to the Motion on July 25, 2014. (Doc. # 16). For the reasons stated below, the Court grants Defendant's Motion. However, Count III of the Amended Complaint is dismissed without prejudice, so that Devries may file a Second Amended Complaint by August 12, 2014, to state a claim as to Count III, if possible.

**I.   Background**

At all times relevant to this action, Devries was employed by Defendant as a radiation nurse. (Doc. # 6 at ¶ 2). In March of 2012, Devries applied for leave under the

Family and Medical Leave Act (FMLA) for a serious medical condition, and Defendant approved her request. (Id. at ¶ 7). Subsequent to the approval, Defendant's physicians asked Devries whether she would consider quitting because of her medical condition. (Id. at ¶ 8).

According to the Amended Complaint, physicians "joked and ridiculed [Devries] about her medical condition." (Id. at ¶ 9). Devries reported the "harassment" regarding her medical condition and use of leave to Defendant's human resources department, but contends that she was warned to "never go to human resources again." (Id.). Thereafter, Devries contends that she was told that she could either apply for disability or face termination. (Id. at ¶ 10). On June 2, 2014, Devries' employment was terminated. (Id. at ¶ 14).

On June 9, 2014, Devries initiated this action (Doc. # 1), and filed an Amended Complaint on July 8, 2014, alleging (1) FMLA interference, (2) FMLA retaliation, and (3) Violation of the Florida Whistleblower Act, Fla. Stat. §§ 448.101 *et seq* (Doc. # 6). As to Count III, Devries submits that:

> During the term of [Devries'] employment, she objected to an activity and practice of Defendant, which was in violation of Florida law governing health care providers, the AHCA and laws, rules and

>regulations governing radiation treatment. In particular, a physician yelled and screamed at [Devries] about the necessity of reporting the medical error.
>
>\* \* \*
>
>[Devries] voiced specific objections to the Defendant's management. [Devries] was intimidated and harassed because she insisted that the proper authorities be notified of a medical error.

(Id. at ¶¶ 32, 34).

On July 15, 2014, Defendant filed the present Motion seeking dismissal of Count III. (Doc. # 14). Devries filed a response in opposition to the Motion on July 25, 2014. (Doc. # 16). The Court has reviewed the Motion, and the response thereto, and is otherwise fully advised in the premises.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the]

3

complaint and all reasonable inferences therefrom are taken as true."). However:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002).

**III. Analysis**

Florida's Whistleblower Act is "designed 'to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public.'" Golf Channel v. Jenkins, 752 So. 2d 561, 562 (Fla. 2000) (quoting Arrow Air, Inc. v. Walsh, 645 So. 2d 422, 424 (Fla. 1994)). "To that end, the Whistleblower Act provides victims of certain retaliatory personnel actions a remedy against their private-sector employers." Stubblefield v. Follett Higher Educ. Grp.,

Inc., No. 8:10-cv-824-T-24-AEP, 2010 WL 2025996, at *2 (M.D. Fla. May 20, 2010). Among other things, the Act prohibits an employer from retaliating when an employee has "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Id.; Fla. Stat § 448.102(3).

Florida applies the framework for Title VII retaliation claims when evaluating Whistleblower Act claims. See Bell v. Georgia-Pacific Corp., 390 F. Supp. 2d 1182, 1187 (M.D. Fla. 2005); Rice-Lamar v. City of Fort Lauderdale, 853 So. 2d 1125, 1132 (Fla. 4th DCA 2003). Therefore, to establish a claim under the Act, an employee must prove: (1) there was a statutorily protected activity; (2) an adverse employment action occurred; and (3) there was a causal link between the protected activity and the adverse employment action. Bell, 390 F. Supp. 2d at 1187-88.

To establish the first element of a prima facie case under the Whistleblower Act, a plaintiff must demonstrate that she objected to or refused to participate in an activity, policy, or practice of her employer that violates a law, rule, or regulation. Id. at 1188. Accordingly, to survive Defendant's Motion, Devries must sufficiently establish that she objected to an activity, policy, or practice of Defendant

5

that *actually* violated a law, rule, or regulation. See <u>Vargas v. Lackmann Food Serv., Inc.</u>, 510 F. Supp. 2d 957, 968 (M.D. Fla. 2007). Here, Devries alleges that she objected to "an activity and practice of Defendant, which was in violation of Florida law governing health care providers, the AHCA and laws, rules, and regulations governing radiation treatment." (Doc. # 6 at ¶ 32). Devries further contends that "a physician yelled and screamed [at her] about the necessity of reporting the medical error." (<u>Id.</u>).

Defendant argues that Count III fails to specifically identify which "law, rule, or regulation" Defendant allegedly violated or provide any explanation for the medical error Devries is referring to in her Amended Complaint. (Doc. # 14 at 3). Defendant submits that the statutes referenced in the Amended Complaint do not mention medical errors, and as a result, Devries "fails to either state what medical error was committed, or what law Defendant violated by 'yelling and screaming' at her about reporting the medical error." (<u>Id.</u> at 4).

In response, Devries explains that she has cited "a number of statutory sources that require that health care providers comply with certain record keeping and reporting procedures." (Doc. # 16 at 2). Attached to her response –

6

Exhibit A entitled Notification and Reporting Procedure – Devries provides an example of the statutory authority she believes will apply to the reporting of medical incidents involving the use of radiation (Id. at 3; Ex. A). Noteworthy, however, Devries "acknowledges that she has not yet provided all the factual detail" relevant to this case, but has "tried to avoid providing a tremendous amount of medical detail, due to possible implications of HIPAA." (Doc. # 16 at 2-3).

Upon review of the Amended Complaint, the Court finds it appropriate to grant Defendant's Motion as Devries has failed to establish that she objected to an activity, policy, or practice of Defendant that *actually* violated a law, rule, or regulation. In the Amended Complaint, Devries generally alleges that Defendant's actions violated "Florida law governing health care providers, the AHCA and laws, rules and regulations governing radiation treatment." (Doc. # 6 at ¶ 32). In particular, Devries claims that "a physician yelled and screamed at [her] about the necessity of reporting the medical error." (Id.). Without more, this conclusory statement does not sufficiently put Defendant on notice of the claim against it; namely what medical error was committed or what law Defendant violated. As a result, Devries fails to satisfy the pleading standard set forth in Fed. R. Civ. P.

8(a). See Stubblefield, 2010 WL 2025996, at *4 (finding that the complaint failed to allege conduct sufficient to demonstrate an actual violation of law).

The Court notes that Devries attached to her response an example of the statutory authority she believes applicable in the instant action. However, the Court's inquiry on a motion to dismiss is restricted to the four corners of the complaint. Thus, the Court may not consider this attachment in making its determination.

As Devries has failed to adequately allege the first element of her Whistleblower Act claim, Defendant's Motion is granted. Devries has until August 12, 2014, to file a Second Amended Complaint to state a claim under Count III, if possible.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Florida Cancer Specialists, P.L.'s Partial Motion to Dismiss (Doc. # 14) is **GRANTED.**

(2) Plaintiff Michele Devries has until **August 12, 2014**, to file a Second Amended Complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>28th</u> day of July, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record